## 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. _____                                                  DIVISION "    "

**CLAITOR'S LAW BOOKS AND PUBLISHING DIVISION, INC.,
MARINA DEL RAY, LLC, R.G. CLAITOR PROPERTIES, LLC,
R.G. CLAITOR'S REALTY, PARTNERSHIP,
CLAITOR CHILDREN, LLC,
and CLAITOR, LLC**

### VERSUS

**CERTAIN UNDERWRITERS AT LLOYDS, LONDON,
INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE
COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY
INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, AND OLD REPUBLIC
UNION INSURANCE COMPANY**

FILED:_____     _____
                                                                                           DEPUTY CLERK

### PETITION ON CONTRACT OF INSURANCE AND OTHER RELATED CLAIMS

The petition of Claitor's Law Books and Publishing Division, Inc., Marina Del Ray, LLC, R.G. Claitor Properties, LLC, R.G. Claitor's Realty, a partnership, Claitor Children, LLC; and, Claitor, LLC, each legal entities, domiciled in East Baton Rouge Parish and duly authorized to do business in this parish and state, respectfully represent:

I.

Made defendant herein are Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company, [hereinafter "Insurers"], each a foreign corporation issuing insurance policies in the State of Louisiana.

II.

Petitioner, Claitor's Law Books & Publishing Division, Inc. entered into a contract with Insurers known as a Commercial Property Insurance Policy effective from November 1, 2020 to November 1, 2021 that covered the incident at issue outlined herein via policy AMR-54620-05 bound via Alliant Insurance Services through CRC Group of Chicago. The terms and conditions of the policy, including the schedule of property, and related documents are the best evidence of said policy. Those terms and conditions are plead herein as though said terms were completely

recited herein in detail, to the extent that said terms do not conflict with the law of Louisiana.

III.

The policy includes, but was not limited to, commercial property coverage. The policy covered the perils of flood coverage, wind storm and hail coverage, named storm coverage, and other endorsement relative to specific perils, for the loss of business income, for the loss of value to buildings and personal property damage and losses, and miscellaneous other coverage and adjustment coverage and other forms, for property consisting of several buildings which are described as a shopping center on Perkins Road at the intersection of Acadian Throughway in the Parish of East Baton Rouge, a storage facility in Ascension Parish near the town of Port Vincent, a marina and related buildings and structures in St. Tammany Parish near the town of Madisonville, and other insured property in East Baton Rouge Parish, Ascension Parish and St. Tammany Parish.

The terms and conditions of the policy are the best evidence of said policy and those terms and conditions are plead herein as though said terms were completely recited herein in detail, to the extent that the terms do not conflict with Louisiana law.

IV.

The plaintiffs herein, Claitor's Law Books and Publishing Division, Inc., the primary insured, as well as the additional named insureds, Marina Del Ray, LLC, R.G. Claitor Properties, LLC, R.G. Claitor's Realty, a partnership, Claitor Children, LLC, and Claitor, LLC, are each covered under the described policy of insurance. This insurance coverage is extended to each plaintiff by each of the defendants according to a schedule contained within the policy relative to an allocation among Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company Of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company.

The terms and conditions of the allocation contained within the endorsement to the policy is the best evidence of said allocation and those terms and conditions are plead herein as though said terms were completely recited herein in detail, to the extent that those terms do not conflict with Louisiana law.

V.

Venue is proper in East Baton Rouge under Code of Civil Procedure Article 42(7) relative to foreign insurers, as well as Articles 76 because this is an action on an insurance policy both in the parish of damage and where the insureds are domiciled. Venue is also proper pursuant to Article 76.1 in that the contract was executed in East Baton Rouge Parish.

VI.

On August 29, 2021, Hurricane Ida struck the Louisiana Gulf Coast and then worked its way up the state through Ascension, East Baton Rouge and St. Tammany Parishes. The named plaintiffs owned covered properties in these three parishes.

VII.

Ida was a ferocious hurricane. Ida thrashed Ascension, East Baton Rouge and St. Tammany Parishes for many hours causing significant damage, including, but not limited to, wind and flood damage to plaintiffs' properties.

VIII.

The resulting damages and losses are covered perils under the terms of the described and paid for policy of insurance. As such, the Insurers have a contractual duty to pay the named insureds-plaintiffs herein for the losses suffered in Ida pursuant to the policy of insurance and Louisiana law.

IX.

The policy of insurance provides coverage for the damage to the schedule of properties, the buildings, damage to the personal property of the insureds, as well as additional enumerated coverages under the miscellaneous endorsements of the policy of insurance.

X.

The policy of insurance addresses the "adjustment" and claims process and includes provisions relative to inspections, proof, review, valuation, tender and other prerequisite conditions to payment of claims. The parties have engaged in this process with Sedgwick adjusting for the Insurers. Sedgwick has assisted plaintiffs in finding enterprises that could provide estimates of the damage, including a group called Blue Team.

XI.

The defendants have made partial payments for some of the damages pursuant to the terms of the policy of insurance.

XII.

However, possibly due in part to the magnitude of the storm and the sheer number of claims by effected people, Covid interference, supply chain problems, and other complications, the claims plaintiffs have under the policy of insurance have not been fully resolved, i.e. paid. Plaintiffs have yet to be fully paid under the policy for the actual costs of repairs, remediation, diminution of value, replacement costs where appropriate, loss of use, and other damages and costs insured under the policy of insurance.

XIII.

Louisiana's law addressing prescription relative to these insurance claims under the policy approaches. Unable to reach a resolution or to complete a tolling agreement to preserve their rights under the policy of insurance, plaintiffs are compelled to file this suit to preserve their respective claims.

XIV.

Defendant Insurers have (1) the duty of "*good faith and fair dealing*;" (2) the "affirmative duty to adjust claims fairly and promptly"; and (3) the "affirmative duty" to "make a *reasonable effort to settle claims* with the insured or the claimant, or both."

XV.

Each plaintiff reserves their right, should it be proven over the course of this litigation, that should Defendant Insurer's conduct constitute "bad faith," to advance such a claim and hold the Defendant Insurer liable for any damages sustained as a result of the breach of good fatih, including, but not limited to attorneys' fees and penalties.

XVI.

In addition to the claims above for which the Defendant Insurer has failed to adjust promptly and fairly, Defendant Insurers owe *additional* payments under the policy of insurance for various other categories of endorsements and coverage extensions under the policy to the named insureds, proof of which will be provided over the course of these proceedings, all of which are specifically reserved under the policy and law and any failure to mention said coverages and endorsements by "name" in this petition is not a waiver of those coverages, said coverages and endorsement having been specifically incorporated by reference to the law and policy herein described above.

**WHEREFORE**, petitioner prays that after due proceedings are conducted that this Court enter judgment in their favor of Claitor's Law Books and Publishing Division, Inc., the primary insured, as well as the additional named insureds, Marina Del Ray, LLC, R.G. Claitor Properties, LLC, R.G. Claitor's Realty, a partnership, Claitor Children, LLC, and Claitor, LLC and against the Defendants, Certain Underwriters at Lloyds, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company, for all amounts claimed and damages discussed herein and due pursuant to the policy of insurance, and further including, but not limited to, all general, specific, and equitable relief that plaintiffs are entitled to under the law and the policy at issue, which also includes, but is not limited to, costs, attorneys fees, penalties, and interest from the date of demand and/or from date of presentation and for all other general and equitable relief that is right and just in the premises.

Respectfully submitted,

**DANIEL A. CLAITOR, Bar No. 18075 T.A.**
6513 Perkins Road, Suite 102
Baton Rouge, Louisiana 70808
Telephone: (225) 757-0159
Facsimile: (225) 757-0169
Email: Dan@DanClaitor.com

Hold Service
**SERVICE INSTRUCTIONS TO FOLLOW SHORTLY**